IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CONTINENTAL MATERIALS, INC. | : | CIVIL ACTION |
| | : | |
| vs. | : | NO: 14-6941 |
| | : | |
| ROBETEX, INC. and KERRY TALBOT | : | |

## ORDER-MEMORANDUM

**AND NOW**, this 10th day of June 2015, upon consideration of Defendants' Motion to Dismiss Count III (Fraud) (ECF Doc. No. 34), Plaintiff's Opposition (ECF Doc. No. 36) and Defendants' Reply (ECF Doc. No. 37), it is **ORDERED** Defendants' Motion (ECF Doc. No. 34) is **GRANTED IN PART AND DENIED IN PART.** As plead, Plaintiff states a claim for fraud in Count III for the August 10 and 11, 2014 payments on the altered bills of lading but not for the July 14, 2014 payment of a fifty percent (50%) deposit.

Defendants shall answer the Amended Complaint on or before **June 24, 2015**.

### *Analysis*

The gist of the action doctrine "is designed to maintain the conceptual distinction between breach of contract claims and tort claims." *Etoll, Inc. v. Elias/Savion Adver.*, Inc., 811 A.2d 10, 14-17 (Pa. Super. 2002) (examining whether "duties in question are intertwined with contractual obligations"). "[T]he nature of the duty alleged to have been breached [is] the critical determinative factor in determining whether the claim is truly one in tort, or for breach of contract." *Bruno v. Erie Ins. Co.*, 106 A.3d 48, 68 (Pa. 2014) ("underlying averments supporting the claim in a plaintiff's complaint" classify nature of duty). The gist of the action doctrine does not exclude a tort claim if the defendant violates "a broader social duty owed to all individuals, which is imposed by the law of torts." *Id.* (misfeasance "sounds in tort" but nonfeasance sounds

1

in contract). In contrast, if the "duty breached is one created by the parties by the terms of their contract" then the claim is viewed as one for breach of contract and the tort claim is barred under the gist of the action doctrine. *Id.* (classifying claim as breach of contract with alleged tort collateral).

To avoid the "gist of the action" doctrine, "an independent event" must give rise to the fraud claim collateral to the parties' contractual relationship. *Synthes, Inc. v. Emerge Medical, Inc.*, 25 F.Supp.3d 617, 724 (E.D.Pa. 2014) (holding "independent event" evidenced by fraudulent performance during contract); *see also Orthovita, Inc. v. Erbe*, No. 07-2395, 2008 WL 423446, at *8 (E.D.Pa. Feb. 14, 2008) (finding fraud claim "analytically separate from breach of the contract claim itself"). In *Synthes*, the court reasoned the "gist of the action" doctrine did not bar the fraud claim because the defendant engaged in "extra-contractual fraud." *Synthes*, 25 F.Supp. 3d at 726 (defendant's "submission of fraudulent expense reports constitutes extra-contractual fraud"). In holding the doctrine did not bar plaintiff's claim, the court reasoned the defendant's "affirmative efforts to conceal his efforts in forming" another company stripped the plaintiff of contractual rights. *Id.* (statements, if proven true, could support separate claim of fraudulent misrepresentation); *see also Orthovita Inc.,* at *8 (defendant's affirmative steps to hide fraudulent behavior by deleting files is sufficient to establish fraud claim).

The defendant's fraud during the performance of the contract must induce the plaintiff's performance of the contract or explain the plaintiff's failed assertion of contractual rights against the defendant. *Synthes*, 25 F.Supp.3d at 725 (determining plaintiff continued performance of contractual duties without knowledge of fraudulent behavior); *see also Sizemore v. Hotwire Commc'ns*, No. 14-5543, 2015 WL 2381059, *8-*9 (E.D. Pa. May 18, 2015) (denying motion to dismiss fraud and conversion claims under gist of the action doctrine); *My Space Preschool and*

2

*Nursery, Inc. v. Capitol Indem. Corp.*, No. 14-2826, 2015 WL 118595, *8 (E.D.Pa. Mar. 13, 2015) (declining, "at this early stage of proceeding" and "before the parties have engaged in meaningful discovery," to dismiss negligent misrepresentation claim under gist of the action doctrine).

Here, Plaintiff alleges an "analytically separate" fraud claim based on "an independent event" of inducing a fifty percent (50%) deposit on July 14, 2014 and sending altered bills of lading concealing the manufacturer and inducing the August 10 and August 11 payments. Plaintiff alleges Defendants purposefully misrepresented the manufacturing facility to prevent it from terminating the contract and buying the Secure Grip directly from Veer. Am. Compl. at ¶¶16-17, 21 ( ECF Doc. No. 31).

We examine the fraud claim in light of *when* Plaintiff learned Robotex breached the contract. Under *Synthes,* we look for plausible facts to support the allegation of "the unsuspecting plaintiff continued the contractual relationship or failed to assert its contractual rights against the defendant." *Synthes*, 25 F.Supp. 3d at 725. For "several months" after signing the May 1, 2013 agreement, Robetex supplied "conforming products". Am.Compl. at ¶ 13. On July 1, 2014, Plaintiff issued five purchase orders for an approximate total amount due of $332,640.00 to be paid fifty percent (50%) upon placement of order and fifty percent (50%) upon issuance of a bill of lading from the Veer facility. *Id.* On July 14, 2014, Plaintiff paid Robotex $166,320.00 representing fifty percent (50%) of the purchase price. *Id.* at ¶18. After two attempts, Plaintiff cannot plead Robotex knew and fraudulently concealed the loss of the Veer relationship on or before July 14, 2014. As such, the duty to provide conforming products is particular to the parties' contract and not derived from a broader social duty. Accordingly, Defendant's motion to dismiss the fraud claim as to the July 14, 2014 payment is granted.

3

On August 6, 2014, Plaintiff's employee visited Robetex's warehouse and noted the packaging for its requested product was different than the specifications in the parties' agreement. *Id.* at ¶ 20. Robetex corrected Plaintiff's employee. *Id.* Plaintiff pleads Robotex, now knowing of Plaintiff's suspicions, altered or "whited out" August 10 and August 11 bills of lading misrepresenting the products were manufactured in accordance with Plaintiff's specifications. *Id.* at ¶¶ 21-23.

Plaintiff pleads paying Robotex based on fraudulent bills of lading "whited out" to conceal evidence of the different manufacturing facility: Plaintiff "believed the …Bills of Lading to be legitimate" and paid Robotex $33,264 on August 10, 2014 and $66,528 on August 11, 2014. *Id* at ¶¶ 22, 24. These claims arise from a broader social duty owed to all individuals imposed by the law of torts. *Bruno*, 106 A.3d at 68. Accordingly, the Amended Complaint states a claim for fraud relating to the inducements to pay on August 10 and August 11, 2014.

As presently pled in Count III, Plaintiff states a claim for fraud based on money paid on August 10 and 11, 2014 based on a specific allegation Robotex actively concealed the known loss of Veer in altered bills of lading.[1]

KEARNEY, J.

---

[1] Robetex additionally moves to dismiss Defendant Talbot based solely on the gist of the action doctrine. For the reasons set forth herein, we deny this dismissal request based on the inapplicable gist of the action doctrine to the presently pled Count III of the Amended Complaint.

4